IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **PANTAURUS LLC,**<br><br>　　　　Plaintiff,<br><br>v.<br><br>**FUJITSU AMERICA, INC.,**<br><br>　　　　Defendant. | Civil Action No. 1:13-cv-545-RC<br><br>**JURY TRIAL DEMANDED** |

**FUJITSU AMERICA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Fujitsu America, Inc. ("FAI") hereby submits the following Answer to the Amended Complaint for Patent Infringement of PanTaurus LLC ("PanTaurus"):

**THE PARTIES AND JURISDICTION**

1.　　FAI admits that PanTaurus alleges patent infringement under Title 35 of the United States Code, and that PanTaurus is seeking injunctive relief as well as damages, but denies that there is any basis in law or fact for such allegations of this paragraph.

2.　　FAI admits that subject matter jurisdiction for patent infringement is provided for under 28 U.S.C. §§ 1331 and 1338(a).

3.　　FAI is without sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.

4.　　FAI denies that it is a Delaware corporation. Fujitsu America, Inc. is organized under the laws of California. FAI admits that its principal place of business is located at 1250 East Arques Avenue, Sunnyvale, California 94085. FAI offers its products for sale to customers located throughout the United States including in the

state of Texas.  Except as expressly admitted herein, FAI denies the remaining allegations of this paragraph.

5.   FAI admits that it offers products for sale to customers located throughout the United States including in the Eastern District of Texas.  Except as expressly admitted herein, FAI denies the remaining allegations of this paragraph.

## VENUE

6.   FAI admits that venue is authorized in this district under 28 U.S.C. §§ 1391(c) and/or 1400(b).  FAI denies that the Eastern District of Texas is a proper and convenient venue for this dispute.  FAI denies that it has committed acts of infringement in the Eastern District of Texas or any other judicial district.  Except as expressly admitted herein, FAI denies any remaining allegations of this paragraph.

## COUNT I
### (Infringement of U.S. Patent No. 6,272,533)

7.   FAI repeats its responses to paragraphs 1 through 6 as though fully set forth herein.

8.   FAI admits that PanTaurus has alleged patent infringement under the laws of the United States, namely 35 U.S.C. §§ 271, *et seq.*, but denies that there is any basis in law or fact for such allegations of this paragraph.

9.   FAI lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.

10.   FAI admits that, on its face, U.S. Patent No. 6,272,533 (the "'533 patent") is titled "Secure Computer System and Method of Providing Secure Access to a Computer System Including a Stand Alone Switch Operable to Inhibit Data Corruption on a Storage Device."

11. FAI denies the allegations of this paragraph.

12. FAI lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.

### (Direct Infringement)

13. FAI denies that it has infringed or is infringing directly any claims of the '533 patent, including claim 29. FAI admits that it has offered some Lifebook U772 computers for sale with some Windows operating systems. FAI lacks sufficient information to form a belief as to the truth of any additional allegations recited in this paragraph, and on that basis denies them.

### (Indirect Infringement – Inducement)

14. FAI denies that it has induced infringement or is inducing infringement of any claims of the '533 patent, including claim 29, by end users of the Accused Instrumentalities. FAI denies that it had any intent for end users of the Accused Instrumentalities to infringe the '533 patent or that it had any knowledge that end users' acts constitute infringement. FAI denies that end users' acts with the Accused Instrumentalities constitute infringement of the '533 patent. FAI denies it had knowledge of the '533 patent or acted with willful blindness to the '533 patent, and denies that it had any intent to cause infringement. FAI denies any remaining allegations of this paragraph.

15. FAI admits that it has had knowledge of the '533 patent at least since service of the original Complaint in this action.

16. FAI denies that it has or continues to encourage, instruct, enable, or otherwise cause end users of the Accused Instrumentalities to use the Accused

Instrumentalities in a manner that infringes any claim of the '533 patent, including claim 29.  FAI denies any remaining allegations of this paragraph.

17.     FAI denies that it has any intent to cause infringement of the '533 patent.  FAI denies that any Accused Instrumentality infringes any claim of the '533 patent.  FAI lacks sufficient information to form a belief as to the truth of any remaining allegations recited in this paragraph, and on that basis denies them.

18.     FAI denies the allegations of this paragraph.

### (Additional Allegations Related to Count One)

19.     FAI denies that its actions are causing irreparable harm or monetary damage to PanTaurus, or that PanTaurus is entitled to any injunctive or monetary relief from the Court.

20.     FAI lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.

### DEMAND FOR JURY TRIAL

PanTaurus' request for a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure does not require an admission or denial.  FAI also demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.  To the extent that any allegations are included in this demand, FAI denies these allegations.

### PRAYER FOR RELIEF

FAI incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein.  FAI denies that PanTaurus is entitled to any relief sought in PanTaurus' Prayer for Relief against FAI.

## AFFIRMATIVE DEFENSES

As further answer and as affirmative defenses, and without altering any burden of proof, FAI alleges the following:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

21. PanTaurus' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Non-infringement)

22. FAI does not infringe and has not infringed, directly or indirectly, any valid and enforceable claims of the '533 patent.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

23. The claims of the '533 patent are invalid because one or more claims fail to meet the "conditions for patentability" specified in 35 U.S.C. §§ 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

24. On information and belief, PanTaurus is barred or limited from recovery in whole or in part by estoppel, including, but not limited to, prosecution history estoppel arising from the patentee's actions, representations, or conduct before the United States Patent and Trademark Office during prosecution of the '533 patent.

### FIFTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

25. PanTaurus is barred or limited from recovery under 35 U.S.C. §§ 286, 287, and/or 288.

## SIXTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

26. On information and belief, any claim for damages by PanTaurus is barred by the equitable doctrines of laches, waiver, equitable estoppel, acquiescence, implied license, unclean hands, or any other equitable doctrine.

## SEVENTH AFFIRMATIVE DEFENSE
### (Improper Venue)

27. On information and belief, venue in this judicial district is improper.

## EIGHTH AFFIRMATIVE DEFENSE
### (Sales to Government)

28. On information and belief, PanTaurus' claims are limited by 28 U.S.C. § 1498.

## OTHER AFFIRMATIVE DEFENSES

29. FAI specifically reserves the right to assert any and all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense, at law or equity, that may now exist or that may become available through information developed in discovery, at trial, or otherwise.

## FAI'S PRAYER FOR RELIEF

WHEREFORE, FAI respectfully prays for relief as follows:

A. That the Court enter judgment in favor of FAI and against PanTaurus on all claims for relief asserted against FAI by PanTaurus, dismissing with prejudice any and all such claims and ordering that PanTaurus take nothing from FAI as a result of PanTaurus' action

B. That the Court declare that this case is exceptional within the provisions of 35 U.S.C. § 285;

  C. That the Court award FAI its attorneys' fees and costs in this action; and

  D. That the Court grant FAI such other and further relief, general or special, legal or equitable, as the Court deems just and proper.

Date: December 6, 2013  Respectfully submitted,

*/s/ Andy Tindel w/ permission of Lead Attorney*

KARL J. KRAMER – Lead Attorney
California State Bar No. 136433
DANIEL C. HUBIN
California State Bar No. 278987
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304
Telephone: 650-813-5600
Facsimile: 650-494-0792
Email: kkramer@mofo.com
Email: dhubin@mofo.com

ANDY TINDEL
Texas State Bar No. 20054500
MT$^2$ LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: 903-596-0900
Facsimile: 903-595-0909
Email: atindel@andytindel.com

ATTORNEYS FOR FUJITSU AMERICA, INC.

**CERTIFICATE OF SERVICE**

      I hereby certify that the following counsel of record who are deemed to have consented to electronic service are being served this 6th day of December 2013, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first class mail on this same date.

_/s/ Andy Tindel_

Andy Tindel